■ LINCOLN FIRST BANK OF ROCHESTER, Respondent, v BARSTRO & ASSOCIATES CONTRACTING, INC., et al., Defendants, and W. KRAMER CUDDY, III, et al., Appellants.—Order unanimously affirmed, without costs. Memorandum: Special Term properly considered all of the "contested" matters which were relevant to its determination (CPLR 3211, subd [c]) and correctly granted plaintiff's motion to dismiss defendants' counterclaim on the ground that it failed to state a cause of action (CPLR 3211, subd [a]) for either prima facie tort or the intentional infliction of emotional distress. Plaintiff's actions in allegedly threatening to encourage the Internal Revenue Service to act against defendant personally unless he gave plaintiff bank additional security were motivated by an intention to secure an economic benefit and were not *solely* intended to injure defendant in his trade, occupation, professional reputation or property *(Squire Records v Vanguard Recording Soc.,* 25 AD2d 190, affd 19 NY2d 797). Further, plaintiff's single action falls far short of the pattern of conduct in those cases which held claims for intentional infliction of emotional distress legally sufficient (contrast *Nader v General Motors Corp.,* 25 NY2d 560; *Long v Beneficial Finance Co. of N. Y.,* 39 AD2d 11; *Prince v Gurvitz,* 37 AD2d 727). The law does not fasten liability on mere threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern

life no matter how upsetting. It is only where the conduct complained of is of such a character as to exceed all reasonable bounds of decency that the law will recognize it as an actionable tort (Restatement, Torts, 2d, § 46). (Appeal from order of Monroe Special Term in action on note.) Present—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.