■ ROBERT M. KRELLMAN et al., Respondents, v PETER I. LIVINGSTON, Defendant, and LAITMAN, MATHEWS, MAGIDSON & ROSEN, Respondent. ROBERT M. KRELLMAN & ASSOCIATES, INC., Respondent; LOUIS N. PORTER, Appellant.—In an action, *inter alia,* to recover damages for assault and battery and invasion of privacy, Louis N. Porter appeals from an order of the Supreme Court, Nassau County, dated May 4, 1977, which, upon granting reargument to the defendant Laitman, Mathews, Magidson & Rosen (1) reversed a prior determination which had granted the motions of Porter and plaintiffs to strike the counterclaims set forth in the answer in the prime action, and (2) denied the motions. Order reversed, on the law, with $50 costs and disbursements to appellant payable by defendant-respondent, motions granted, and the counterclaims of the defendant-respondent law firm are dismissed. The defendant-respondent, a law firm, has interposed two counterclaims: one alleging abuse of process and the second alleging a conspiracy to commit that tort. Since the sufficiency of the second counterclaim depends upon the sufficiency of the first, the simple issue on this appeal is whether the law firm has properly stated a counterclaim sounding in abuse of process. The thrust of the counterclaim is that the action for assault and battery was commenced solely to harass the law firm and to compel it to cease representing a particular client who was engaged in separate litigation involving the plaintiff Robert M. Krellman. Without more, this is insufficient to support a claim for abuse of process. This court has recently held that "the mere institution of a civil action by summons and complaint is not legally considered such process as is capable of being abused (see *Williams v Williams* [23 NY2d 592]; *Drago v Buonagurio* [61

AD2d 282]; *Osinoff v Muchnick,* 53 AD2d 858)" *(Hoppenstein v Zemek,* 62 AD2d 979, 980). This conclusion is supported by the general public policy that "parties be permitted to avail themselves of the courts to settle their grievances and that they may do so without unnecessary exposure to a suit for damages in the event of an unsuccessful prosecution" (1 NY Jur, Abuse of Process, § 2, p 55). The plaintiffs have set forth a valid cause of action for assault and battery. That the commencement of the action at this particular time may have been maliciously motivated to achieve some incidental advantage is insufficient to justify allowing the inhibiting effect of a counterclaim for abuse of process. The collateral effect of which the defendant-respondent complains, is a result of the law firm's involvement in separate litigation involving Mr. Krellman. However, that litigation may continue for several years and Mr. Krellman cannot be put in the untenable situation of either waiving his action against the law firm or defending a counterclaim for abuse of process even though he has stated a valid cause of action. In addition, the mere commencement of a civil action by service of a summons and complaint does not satisfy the requirement that there be regularly issued process which compels the performance or forbearance of a prescribed act (see *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397). Process has been defined as "a 'direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act' *(Matter of Smith,* 175 Misc. 688, 692-693)" *(Williams v Williams,* 23 NY2d 592, 596). Typical examples are writs of attachment, execution or arrest. In the instant action the summons and complaint neither directs nor demands that the law firm cease representing a particular client. Rather, it demands only that the law firm defend a seemingly valid cause of action. That there is an incidental, perhaps unavoidable, consequence cannot be properly blamed upon the plaintiffs. Thus, it cannot be said that there has been a "perversion of regularly issued legal process for a purpose not justified by the nature of the process" *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 400, *supra).* Therefore, the counterclaim for abuse of process must be dismissed. Having determined that defendant-respondent's counterclaim for abuse of process must fail, the second counterclaim for conspiracy necessarily fails since there is no underlying actionable tort. Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.