◼ MICHAEL J. SCHWED et al., Respondents, v JAY L. TUROFF et al., Appellants, et al., Defendants.—In an action to recover compensatory and punitive damages for prima facie tort, defamation and violation of the Federal Civil Rights Act and to recover attorney's fees in connection with the civil rights cause of action, defendants appeal from an order of the Supreme Court, Queens County, dated March 20, 1979, which denied their motion to dismiss each of the causes of action of the complaint. Order modified, on the law, by adding thereto immediately after the word "respects", the following: "except as to the 2nd, 4th, 5th, 6th, 7th, 8th and 9th causes of action and as to those causes of action the motion to dismiss is granted." As so modified, order affirmed, without costs or disbursements. Plaintiffs formerly served as administrative hearing officers for the New York City Taxi and Limousine Commission (TLC). On June 9, 1978 they advised TLC's general counsel, defendant Lifton, that they were going to terminate their association with TLC, effective June 30, 1978, and that after that date, they would represent industry members in matters before TLC. The resignations were accepted, effective immediately. Lifton allegedly then took steps to prohibit the plaintiffs from appearing before TLC. The plaintiffs subsequently commenced the instant action and served a complaint consisting of nine causes of action. The inartfully drawn first cause of action bespeaks three separate claims: (1) prima facie tort, (2) defamation, and (3) interference with the plaintiffs' rights to practice before TLC in contravention of the New York City Charter and administrative rules and regulations. The third cause of action specifically sounds in defamation but wholly relies on the factual allegations contained in the first cause of action. When liberally construed, the first and third causes of action state viable claims. The defects of which defendants complain are largely technical in nature and do not prejudice any substantial rights. Although the plaintiffs will not be permitted to reap a double recovery, the cause of action sounding in prima facie tort is not defective merely because it relies on the same factual allegations as the other substantive claims (cf. *Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397). Nor, on the record in this case, is this a proper matter to expand the doctrine of absolute privilege and thus there is no absolute impediment to the cause of action sounding in defamation (see *Stukuls v State of New York*, 42 NY2d 272). It was, however, improper not to have dismissed the 2d, 4th, 6th and 9th causes of action. These claims are for punitive damages which do not properly constitute separate causes of action for pleading purposes (see *M. S. R. Assoc. v Consolidated Mut. Ins. Co.*, 58 AD2d 858). The 5th cause of action should have been dismissed because the complaint presents no cognizable civil rights violation of the type intended to be

redressed by the Federal Civil Rights Act (see US Code, tit 42, § 1983). Consequently, the cause of action for attorney's fees (seventh) must also be dismissed (see US Code, tit 42, § 1988). Nor do we perceive an actionable violation of the plaintiffs' constitutional rights, and therefore the eighth cause of action must also be dismissed. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.