■ JOHN J. FOX, Respondent, v HARRY ISSLER, Appellant.—In an action to recover damages predicated upon allegedly tortious conduct, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County, dated August 30, 1978, as denied the branches of his cross motion which sought to dismiss plaintiff's first, second, fourth and fifth causes of action. Order modified, on the law, by deleting therefrom the provision which denied the cross motion as to the fourth and fifth causes of action and substituting therefor a provision granting the cross motion with respect to said causes of action. As modified, order affirmed insofar as appealed from, without costs or disbursements. A threshold issue advanced by plaintiff is that the appeal does not properly lie because it was super-seded by an unappealed order made upon reargument. We observe that defendant's cross motion for reargument was as to the third cause of action. Upon reargument, that cause of action was dismissed. Inasmuch as defendant did not seek reargument of any portion of the order that dealt with the causes of action outside of the third one, the subsequent order did not alter the basis for the appeal from the first order denying dismissal of the remaining four causes of action and the appeal is viable (see CPLR 5517, subd [a], par 1). Plaintiff is an attorney. Defendant, who is also an attorney, is representing former clients of plaintiff in a legal malpractice action against the plaintiff. Plaintiff alleges that the defendant sought to enter a judgment in the malpractice action based on plaintiff's default when defendant knew that plaintiff was not in default. As a first cause of action, plaintiff alleges that the attempt to enter judgment was undertaken by defendant solely to harass and inconvenience him and that he suffered mental anguish and physical illness as a consequence, for which he incurred expenses for physicians and for drugs. As a second cause of action, plaintiff alleges that the defendant's conduct in seeking to enter judgment when plaintiff was not in default was "to achieve a collateral advantage of blackmail and retribution", i.e., defendant wanted plaintiff to "capitulate in the [malpractice] lawsuit". Plaintiff again alleged that he suffered mental and physical distress as a consequence. The fourth and fifth causes of action seek punitive damages, based on the first two causes of action, respectively, on the basis that defendant's conduct was willful and wanton. The fourth and fifth causes of action must be dismissed. Punitive damages may not be sought by way of a separate cause of action (see *Schwed v Turoff,* 73 AD2d 615). The first and second causes of action make out a claim for the intentional infliction of mental distress, as Special Term found, relying on *Long v Beneficial Fin. Co. of N. Y.* (39 AD2d 11) and *Halio v Lurie* (15 AD2d 62). Plaintiff's allegations in neither the first nor second cause of action comprise the tort of abuse of process. The legal process embraced in that tort must compel the performance or forbearance of some prescribed act *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 404) so that there is "an unlawful interference with one's person or property under color of process" *(Williams v Williams,* 23 NY2d 592, 596). Defendant's attempt to enter a default judgment is not comprehended under the definitions of process. At least one essential element of the tort is, therefore, missing (see *Board of Educ. v Farmingdale Classroom Teachers Assn., supra).* A cause of action in prima facie tort may be cognizable as an alternative theory for recovery under the allegations pleaded (see *Board of Educ. v Farmingdale Classroom Teachers Assn., supra,* p 406). That tort consists of "the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful" *(Lincoln First Bank of Rochester v Siegel,* 60

AD2d 270, 279). An essential element of the cause of action is an allegation of special damages, satisfied in the present case by plaintiff's allegations that he incurred the expenses of a physician. Plaintiff's allegations thus suffice as an alternative tort to the one already established by the pleadings. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.