■ LORENTZ W. HANSEN, Appellant, v ALAN ROTHSCHILD et al., Respondents. — In an action to recover damages for slander, in which defendants counterclaimed, *inter alia,* to recover damages for abuse of process, plaintiff appeals from an order of the Supreme Court, Westchester County (Beisheim, J.), entered February 18, 1981, which denied his motion for partial summary judgment with respect to defendants' abuse of process counterclaims. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion for partial summary judgment is granted, and the abuse of process counterclaims are dismissed. Plaintiff has commenced two actions against defendants, both individually and as a law partnership, to recover damages for slander. In their answer to plaintiff's complaint dated March 13, 1980, defendants interposed, *inter alia,* two counterclaims for abuse of process. With respect to the first counterclaim, it was essentially alleged that plaintiff, in commencing the two

pending actions for slander, had served a number of summonses and complaints, most of which were served after defendants had consented to personal jurisdiction. Defendants claimed that such continual service was performed with malice and with "an ulterior motive to threaten, harass, bother, annoy, and intimidate" them. Defendants further claimed that as a consequence of such continual service they had been damaged in the sum of $25,000. With respect to the second counterclaim, it was essentially alleged that plaintiff, on or about August 21, 1979, by service of a summons, had commenced an action against them to recover damages for slander and that such summons had been served with malice and with "an ulterior motive to threaten, harass, bother, annoy and intimidate" defendants. On account of such act, defendants claimed that they had been damaged in the sum of $25,000. We agree with plaintiff's contention that Special Term should have granted his motion for partial summary judgment dismissing the two counterclaims. The order of Special Term must, therefore, be reversed. In order to establish the tort of abuse of process, there must be regularly issued process, intent to do harm by the issuance of such process and some collateral advantage which is outside the legitimate ends of the process *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 403). It is defendants' contention that plaintiff's intent to harass can be inferred from the service of numerous summonses and complaints after they had consented to jurisdiction. Such contention, however, cannot be sustained, for defendants consented to jurisdiction with respect to two prior actions, which had been discontinued at the time their consent was given, and not with respect to the actions commenced by service of the summonses and complaints now in question. The first counterclaim, moreover, cannot survive on the further ground that there is nothing to indicate that plaintiff improperly used the process after it had been issued (see *Dean v Kochendorfer,* 237 NY 384). The second counterclaim is completely baseless. Without more, "the mere commencement of a civil action by service of a summons and complaint does not satisfy the requirement that there be regularly issued process which compels the performance or forbearance of a prescribed act" (see *Krellman v Livingston,* 64 AD2d 621, 622, app dsmd 45 NY2d 960; *Hoppenstein v Zemek,* 62 AD2d 979). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.