■ T. N. J. HOLDING CORP., Plaintiff, v BIAGGI, EHRLICH & LANG et al., Defendants and Third-Party Plaintiffs-Appellants, and JOSEPH DE VITO et al., Third-Party Defendants. MICHAEL BENIMOWITZ, Third-Party Defendant-Respondent. — In an action to recover damages based on legal malpractice, defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lawrence, J.), entered August 4, 1981, as granted the third-party defendant Benimowitz' motion to dismiss the third-party complaint as against him on the ground that it failed to state a cause of action for abuse of process or prima facie tort. Order affirmed insofar as appealed from, with $50 costs and disbursements. The underlying action was instituted by the corporate plaintiff against the defendants on the theory of legal malpractice. In their third-party action, the defendants brought suit against three individuals, Michael Benimowitz, Joseph De Vito and Anthony Zito, who were, respectively, the attorney for the plaintiff, and two officers thereof. The third-party complaint, insofar as it was directed against third-party defendant Benimowitz, alleged that Benimowitz (1) conspired with

the other two third-party defendants to institute, and did in fact institute, a legal malpractice action against the defendants third-party plaintiffs which they knew "was false and without foundation"; (2) instructed the process servers to "effect service in a loud detrimental and maligning manner"; and (3) insisted that service be made personally on one of the defendant third-party plaintiffs even though an offer was made by the defendants third-party plaintiffs to accept service in an alternate manner which would also confer jurisdiction. Thereafter, the third-party defendant Benimowitz moved to dismiss the third-party complaint as against him on the ground that it failed to state a cause of action. Special Term granted the motion and dismissed the third-party complaint as against Benimowitz holding, insofar as is pertinent herein, that "the third party complaint * * * does not state a cause of action in * * * abuse of process * * * or prima facie tort". We agree. In *Board of Educ. v Farmingdale Classroom Teachers Assn.* (38 NY2d 397, 403), the Court of Appeals set forth the elements of the tort of abuse of process as follows: "First, there must be regularly issued process, civil or criminal, compelling the performance or forebearance [*sic*] of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification (cf. *James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown & Clarkstown,* 37 NY2d 891). Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." It has been held that the mere institution of an action by service of a summons and complaint does not constitute "regularly issued process which compels the performance or forbearance of a prescribed act" within the meaning of *Farmingdale* (*Krellman v Livingston,* 64 AD2d 621, 622, app dsmd 45 NY2d 960; *Hansen v Rothschild,* 83 AD2d 548). Since the gravamen of the third-party complaint against Benimowitz relates solely to the commencement of the legal malpractice suit and the manner of service of the summons and complaint therein, Special Term correctly held that no cause of action for abuse of process had been pleaded. Nor do the allegations of the third-party complaint, which allege that the underlying legal malpractice action was commenced without foundation, state a valid cause of action for prima facie tort. In *Drago v Buonagurio* (46 NY2d 778), the Court of Appeals held that a doctor who was a defendant in an underlying medical malpractice action could not maintain a cause of action for prima facie tort where the gravamen of his complaint was the baseless nature of the medical malpractice claim which had been served upon him. Specifically the Court of Appeals in *Drago* stated (at pp 779-780): "Whatever may be the constraints imposed by the Code of Professional Responsibility with the associated sanctions of professional discipline when baseless legal proceedings are instituted by a lawyer on behalf of a client, the courts have not recognized any liability of the lawyer to third parties therefor where the factual situations have not fallen within one of the acknowledged categories of tort or contract liability" (see, also, *Belsky v Lowenthal,* 62 AD2d 319, affd 47 NY2d 820). Finally, we are also of the view that the allegations in the third-party complaint regarding the manner of service of the summons and complaint in the underlying legal malpractice action do not make out a cause of action for prima facie tort (cf. *Fox v Issler,* 77 AD2d 860). Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.