OPINION OF THE COURT
Michael J. Dontzin, J.
This is a motion to dismiss a cause of action predicated on an alleged violation of section 13 of the General Business Law, and raises the issue of whether the plaintiff has a private right of action for a violation of this statute which is penal in nature.
Section 13 of the General Business Law provides as follows: “Whoever maliciously procures any process in a civil action to be served on Saturday, upon any person who keeps Saturday as holy time, and does not labor on that day, or serves upon him any process returnable on that day, or maliciously procures any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor.”
The plaintiff alleges (1) that he is of the Jewish faith, observes Saturday as holy time and does not labor on that day, (2) that on Saturday the 29th of January, as he was exiting the sanctuary of the Jewish Community Center of Harrison, the defendant Siegel, at the behest and direction *303 of his mother, plaintiff’s estranged wife, served him with process in three civil actions, and (3) that the defendants, with knowledge that the plaintiff was observant, maliciously procured and had served the papers and process.
Although there is a paucity of cases dealing with section 13 of the General Business Law, and there appears to be no legislative memoranda extant referable to this 102-year-old statute, clearly the intent of the Legislature was to provide criminal sanctions for intentional conduct calculated to cause emotional distress. If there be any civil liability resulting, then it would appear to this court that the sufficiency of the complaint must be measured by the holdings in this emerging area of tort liability.
To succeed in an action for intentional infliction of emotional distress, plaintiffs must allege and prove: (1) that the defendants’ conduct was so outrageous and shocking as to exceed all bounds of decency as measured by what the average member of the community would tolerate, (2) that defendants’ conduct caused severe mental distress to the plaintiff, and (3) that the defendants acted with the desire to cause such distress, or acted recklessly and under circumstances which made it certain that the defendant knew that mental distress would result. (See Restatement, Torts 2d, § 46.)
At the outset the court notes that the pleadings have failed to allege the infliction of extreme emotional distress which is the essential to such a complaint. Of greater import is this court’s belief that even were emotional distress alleged then the pleadings would fail as the conduct complained of is not so outrageous as to be deemed compensable under the state of the law today. It is not enough that the conduct be insensitive or insulting, rather it must be extreme and outrageous. As the court stated in Fischer v Maloney (43 NY2d 553, 557): “An action may lie for intentional infliction of severe emotional distress ‘for conduct exceeding all bounds usually tolerated by decent society’ (Prosser, Torts [4th ed], § 12, p 56). The rule is stated in the Restatement, Torts 2d, as follows: ‘One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress’ (§ 46, subd [1]; see *304 for one aspect Comment d: ‘Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community’).” (See, also, Wiener v Wiener, 84 AD2d 814; Luciano v Handcock, 78 AD2d 943, Nestlerode v Federal Ins. Co., 66 AD2d 504.)
As unconscionable as the plaintiff may regard the defendant’s conduct, absent outrageous conduct, our law deems this behavior not compensable. As Chief Judge Bronson reflected in Maxson v Annas (1 Denio 204, 206), “There are many social duties which are not enforced, and many wicked deeds which are not punished, by human laws.”
Accordingly, the motion to dismiss this complaint on the grounds that it fails to state a cause of action is granted.