■ OVELIA JAMES, Respondent, v RITA SALTSMAN et al., Appellants. — Appeal by defendants from an order of the Supreme Court, Westchester County (Daronco, J.), entered July 23, 1982, which denied their motion to dismiss the five causes of action pleaded in the tenant's amended verified complaint for legal insufficiency pursuant to CPLR 3211 (subd [a], par 7). Order modified, on the law, by granting the defendants' motion to dismiss only as to the third cause of action. As so modified, order affirmed, without costs or disbursements. Viewing the allegations of the complaint in the perspective most favorable to the plaintiff, we conclude that the facts alleged are legally sufficient to state a cause of action for breach of the implied warranty of habitability (cause of action No. 1), wrongful constructive eviction predicated upon the landlords' breach of the covenant of quiet enjoyment and plaintiff's vacatur of the apartment (cause of action No. 2), intentional infliction of emotional distress (cause of action No. 4), and negligence (cause of action No. 5). The designated third cause of action, which purports to plead a prima facie tort, is legally insufficient because it fails to allege the essential element of special damages with sufficient particularity (*Morrison v National Broadcasting Co.,* 19 NY2d 453, 458; *Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719, app dsmd 38 NY2d 894; *Groat v Town Bd.,* 100 Misc 2d 326). Moreover, the defects are more than those of pleading. " '[T]he key to the prima facie tort is the infliction of intentional harm, resulting in damage, *without excuse or justification,* by an act or a series of acts which would otherwise be lawful' " (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458; emphasis supplied). Apparently, plaintiff is seeking to recover damages in the third designated cause of action predicated upon the defendants' prior summary proceeding to remove plaintiff as a tenant from the demised premises. One can only infer from the allegations in paragraph 21 of the amended verified complaint that the landlord was successful in accomplishing the removal of plaintiff through a legal proceeding. Said inference vitiates the essential element that defendants' act in commencing the legal proceedings was without legal excuse or justification and intended solely to injure plaintiff in her trade, occupation, professional reputation or property (see *Lincoln First Bank v Barstro & Assoc. Contr.,* 49 AD2d 1025). Additionally we agree with defendants that the allegations in the designated fourth cause of action are insufficient to state all the necessary elements of a cognizable cause of action for abuse of process. There are three essential elements of the tort of abuse of process: first, there must be regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act; second, the person activating the process must be moved by a purpose to harm without

that which has been traditionally described as economic or social excuse or justification; and third, the defendant must be seeking some collateral advantage or corresponding detriment to plaintiff which is outside the legitimate ends of the process (*Board of Educ. v Farmingdale Classroom Teachers Assn.* 38 NY2d 397, 403). The mere commencement of a civil action by service of a summons and complaint, as alleged in this case, does not satisfy the requirement that there be regularly issued process which compels the performance or forbearance of a prescribed act (see *Krellman v Livingston,* 64 AD2d 621; *Williams v Williams,* 23 NY2d 592). Moreover, there is no allegation of an act in the use of the process not proper in the regular prosecution of the proceeding. If the eviction of the plaintiff was obtained through a summary proceeding to remove her as a tenant, said eviction does not constitute a perversion of regularly issued legal process for a purpose not justified by the nature of the process, regardless of a motive to harm the tenant (see, generally, 1 NY Jur, Abuse of Process, §§ 2, 3). Although the fourth cause of action is couched in terms of abusive process, and was so construed by defendants, plaintiff has chosen to designate it as one for intentional infliction of emotional distress and, as such, it pleads all the necessary elements of a cognizable cause of action for said tort. Freedom from mental disturbance is a protected interest in this State and there may be recovery for the intentional infliction of emotional distress without proof of the breach of any duty other than the duty to refrain from inflicting it (*Halio v Lurie,* 15 AD2d 62). A complaint which purports to state a cause of action for intentional infliction of emotional distress need not plead special damages, nor allege that defendant's harmful acts were motivated solely by malice (see *Halio v Lurie, supra; Long v Beneficial Fin. Co.,* 39 AD2d 11). However, the law does not fasten liability on mere threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern life no matter how upsetting. It is only when the conduct complained of is of such character as to exceed all bounds usually tolerated by society or is extreme and outrageous that the law will recognize it as an actionable tort (see *Fischer v Maloney,* 43 NY2d 553; *Wiener v Wiener,* 84 AD2d 814; *Lincoln First Bank v Barstro & Assoc. Contr.,* 49 AD2d 1025). The allegations as to conduct constituting a breach of warranty of habitability and the covenant of quiet enjoyment, incorporated by reference into the fourth cause of action, suffice to plead the essential element of conduct which exceeds all reasonable bounds of decency. It was additionally alleged that defendants acted with "the specific intent and purpose of harassing * * * and humiliating the plaintiff" and as a result of defendants' willful and wrongful acts, plaintiff suffered mental anguish. Said allegations are sufficient to plead the tort of intentional infliction of emotional distress. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.