■ JOSEPH WEISMAN, Appellant, v RENA WEISMAN, Respondent. — In an action, *inter alia,* to recover damages for malicious prosecution, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated August 18, 1983, as denied those branches of his motion which sought to dismiss the first and fourth counterclaims asserted in defendant's answer.

Order modified, on the law, by granting that branch of plaintiff's motion which sought dismissal of the first counterclaim and granting that branch of the motion as sought dismissal of the fourth counterclaim to the extent that all allegations contained therein which arose prior to November 12, 1981 are stricken. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

In order to sufficiently plead the tort of abuse of process, three elements must be present: (1) regularly issued process compelling the performance or forbearance of some proscribed act, (2) intent to do harm by the issuance of such process without economic or social excuse or justification and (3) some collateral advantage or corresponding detriment to the other party which is outside the legitimate ends of the process (*Curiano v Suozzi,* 63 NY2d 113; *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). It has frequently been held that the mere commencement of a civil action by service of a summons and complaint does not satisfy the requirement that there be regularly issued process compelling the performance or forbearance of a proscribed act (*James v Saltsman,* 99 AD2d 797; *Hansen v Rothschild,* 83 AD2d 548; *Krellman v Livingston,* 64 AD2d 621, *appeal dismissed* 45 NY2d 960). Therefore, defendant's first counterclaim should have been dismissed by Special

Term (*see, Krellman v Livingston, supra*). Moreover, defendant failed to adequately plead actual or special damages (*Board of Educ. v Farmingdale Classroom Teachers Assn., supra; Bohm v Holzberg,* 47 AD2d 764).

As to defendant's fourth counterclaim for intentional infliction of emotional distress, although defendant properly pleaded a cause of action for that tort since the alleged conduct exceeded " 'all bounds usually tolerated by decent society' " (*Fischer v Maloney,* 43 NY2d 553, 557, quoting from Prosser, Torts § 12, at 56 [4th ed]; *Gurkin v Siegel,* 122 Misc 2d 302), all allegations except for two arose more than one year before November 12, 1982, the date of filing of plaintiff's summons with the clerk of the court (*see,* CPLR 203 [b] [5]; 215 [3]). However, since the two timely alleged occurrences involved, *inter alia,* an act of destruction to the windows of the house where defendant and the parties' children were staying, leaving them without protection from the severe cold, defendant may maintain her action based upon such conduct or any other which may have occurred within the year prior to November 12, 1982 (*see, Weisman v Weisman,* 108 AD2d 853). Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.