■ MARTIN WEISMAN, Appellant, v RENA WEISMAN, Respondent. — In an action, *inter alia,* to recover damages for malicious prosecution, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated August 16, 1983, as denied those branches of his motion which sought dismissal of the first and third counterclaims asserted in defendant's answer.

Order modified, on the law, by granting that branch of plaintiff's motion which sought dismissal of the first counterclaim and granting that branch of the motion as sought dismissal of the third counterclaim to the extent that all allegations contained therein which arose prior to November 12, 1981 are stricken. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

It was error for Special Term not to have dismissed defendant's first counterclaim. Mere commencement of a civil action by service of a summons and complaint is insufficient to support a claim for abuse of process (*Curiano v Suozzi,* 63 NY2d 113; *James v Saltsman,* 99 AD2d 797; *Hansen v Rothschild,* 83 AD2d 548; *Krellman v Livingston,* 64 AD2d 621, *appeal dismissed* 45 NY2d 960).

As to defendant's third counterclaim for intentional infliction of emotional distress, a cause of action was properly pleaded in that the conduct alleged exceeded " 'all bounds usually tolerated

by decent society'" (*Fischer v Maloney,* 43 NY2d 553, 557, quoting from Prosser, Torts § 12, at 56 [4th ed]; *Gurkin v Siegel,* 122 Misc 2d 302). Some alleged incidents occurred more than one year before November 12, 1982, the undisputed date when plaintiff served his summons upon the clerk of the court. Therefore, the Statute of Limitations had expired when the action was commenced with respect to those incidents (*see,* CPLR 203 [b] [5]; 215 [3]). Since the other alleged occurrences (involving an act of destruction to the windows of the house where defendant and her children were staying leaving them without protection from the severe cold, and threats to defendant's life by display of a bullet while defendant and plaintiff's brother were involved in a religious divorce ceremony) were timely asserted, defendant may maintain her action based upon such conduct or any other which may have occurred within the year prior to November 12, 1982 (*see, Weisman v Weisman,* 108 AD2d 852). Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.