■ NANCY D. REBORE et al., Appellants, v JOHN PACE et al., Respondents.—In an action to recover damages based upon abuse of process, plaintiffs appeal from an order of the Supreme Court, Suffolk County (Lockman, J.), dated September 26, 1984, which granted the defendants' motion to dismiss the complaint for failure to state a cause of action.

Order affirmed, with costs.

Plaintiffs commenced this action to recover damages for abuse of process. The process alleged to have been abused was the service of a summons and complaint on one Bartholomew J. Rebore, in a libel action instituted by defendants against him. Mr. Rebore is an attorney who, at the time the offending process was served, represented plaintiffs on a *pro bono* basis in their defense of another libel action brought against them by the defendants herein. Following the institution of the libel action against Mr. Rebore, upon defendants' motion, he was disqualified from acting as counsel to plaintiffs, on the ground that, in light of his personal knowledge and involvement in the underlying matter, he would clearly be called as a witness, and, after consolidation of the two libel actions, he would become a party defendant. Plaintiffs now claim that defendants sued Mr. Rebore for the sole purpose of depriving them of their choice of counsel, thereby causing them to incur substantial legal fees.

Assuming the truth of the allegations set forth by plaintiffs, a cause of action for abuse of process has not been sufficiently pleaded. Three essential elements comprise the tort of abuse of process: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" *(Curiano v Suozzi,* 63 NY2d 113, 116; *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). Relevant here is the plaintiffs' failure to allege the first and third elements.

The process complained of must involve "an unlawful interference with one's person or property" *(Williams v Williams,* 23 NY2d 592, 596). The only process issued in the action against Bartholomew J. Rebore was a summons and complaint, "the process necessary to obtain jurisdiction and begin

the lawsuit[.] [T]here was no unlawful interference with plaintiffs' persons or property because the institution of a civil action by summons and complaint is not legally considered process capable of being abused" *(Curiano v Suozzi, supra,* at 116).

The disqualification of Mr. Rebore, which is essentially the detriment complained of, was obtained by defendants independent of the commencement of their action against Mr. Rebore. In addition to his status as a potential party defendant, he was also a material witness to the underlying events, which alone supported his disqualification. Thus, as service of the summons and complaint was entirely unnecessary to the attainment of the harm complained of, the complaint was properly dismissed. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.