ALBERT LEWIS, Respondent-Appellant, v PAY TELEVISION OF GREATER NEW YORK, INC., Appellant-Respondent.

The plaintiff Albert Lewis, in his complaint, alleges that he has been caused to suffer emotional distress as the result of having been served with a summons and complaint in a separate action brought against him by the defendant, Pay Television of Greater New York, Inc. (hereinafter Pay Television), in the Civil Court of the City of New York. The action in the Civil Court is premised upon allegations that Mr. Lewis has illegally intercepted and received microwave transmissions emitted by Pay Television. Mr. Lewis further alleges that Pay Television commenced the Civil Court action in order to "intimidate, confuse and threaten" him, and has commenced similar legal actions against nearly 1,000 other members of the "unsuspecting public". Pay Television made a motion to dismiss the complaint, which was denied. We reverse and grant the motion to dismiss.

There is no cause of action to recover damages for abuse of process unless the process complained of involves " 'an unlawful interference with one's person or property' " (Curiano v Suozzi, 63 NY2d 113, 116, quoting from Williams v Williams, 23 NY2d 592, 596; Rebore v Pace, 115 AD2d 468). The mere issuance of a summons and complaint is therefore insufficient to support a claim for abuse of process (Curiano v Suozzi, supra; Weisman v Weisman, 108 AD2d 853; James v Saltsman, 99 AD2d 797). Thus, the plaintiff's complaint to recover damages for abuse of process based on the Civil Court summons and complaint fails to state a cause of action (CPLR 3211 [a] [7]).

In light of this determination, the issue of whether the plaintiff may assert his cause of action to recover damages for abuse of process as the representative of a class consisting of all persons sued by the defendant in the Civil Court is academic. We also find that there is no merit to the defendant's request that it be permitted to interpose a counterclaim against all the members of the plaintiff's proposed class (including Lewis), and, in addition, all other suspected cable television "pirates" who have not yet been sued in the Civil Court. Such relief is entirely unwarranted where the defendant's position is that the plaintiff is not qualified to represent the class. Such relief is also unwarranted in light of the fact that the defendant has already commenced hundreds of Civil Court actions against the individuals (including Lewis) whom it now seeks to sue as a class (see, CPLR 902 [3]).

Accordingly, we reverse so much of the order of Justice

Lodato as permitted the defendant to assert such a counterclaim. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.