■ NANCY FIESEL, Appellant, v NANUET PROPERTIES CORPORATION et al., Respondents, et al., Defendants.—In a negligence action, the plaintiff appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated April 23, 1986, which denied her motion for leave to amend her complaint to add a new cause of action for punitive damages.

Ordered that the order is affirmed, with costs.

We conclude that the denial of the plaintiff's motion for leave to amend her complaint to add a cause of action for punitive damages was a proper exercise of discretion. A demand for punitive damages does not amount to a separate cause of action for pleading purposes (see, e.g., *Friar v Vanguard Holding Corp.,* 78 AD2d 83, 90; *Fox v Issler,* 77 AD2d 860; *Schwed v Turoff,* 73 AD2d 615). Rather, punitive damages constitute "an element of the single total claim for damages" (*Gill v Montgomery Ward & Co.,* 284 App Div 36, 41; see, *Mastro Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 70 AD2d 854). Therefore, an amendment to the pleadings to add such a cause of action is precluded. As this court stated in *Perricone v City of New York* (96 AD2d 531, 533, *affd in part and appeal dismissed in part* 62 NY2d 661), "to permit a new and separate claim for punitive damages violates the rule that such damages may not be sought by way of a separate cause of action" (see also, *Aetna Cas. & Sur. Co. v Hambly,* 51 AD2d 790; cf. *Knibbs v Wagner,* 14 AD2d 987).

Notwithstanding this defect, the plaintiff's effort to amend her complaint fails on another ground. The courts may examine the sufficiency of the pleadings on a motion to amend to determine if a claim is patently deficient and decide the issue as a threshold matter to avoid the possibility of needless litigation (see, *Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332; *General Motors Acceptance Corp. v Shickler,* 96 AD2d 926). We find that the proposed amended complaint lacks sufficient factual allegations to support an award of punitive damages (see, *Walker v Sheldon,* 10 NY2d 401, 404). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.