■ MATTHEW A. SIEGEL, Respondent, v SMITH, PANISH & SHAPIRO, P. C., et al., Appellants.—In an action to recover damages for libel and abuse of process, the defendants appeal from (1) so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered March 31, 1986, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's second cause of action, and (2) so much of an order of the same court, entered July 14, 1986, as upon reargument, adhered to its original determination denying that branch of the defendants' motion which was for summary judgment on the second cause of action alleged in the complaint.

Ordered that the appeal from the order entered March 31, 1986, is dismissed, as that order was superseded by the order entered July 14, 1986, made upon reargument; and it is further,

Ordered that the order entered July 14, 1986, is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing the second cause of action is granted, and the complaint dismissed in its entirety; and it is further,

Ordered that the order entered March 31, 1986, is modified accordingly; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Matthew A. Siegel commenced the instant action asserting two causes of action. In the first he alleged that a statement made in a letter written by the defendant Philip Smith of the defendant law firm of Smith, Panish & Shapiro, P. C. to the Judge presiding over a matrimonial action, in which he and the defendant Smith represented adverse interests, was injurious to his professional reputation and, therefore, was libelous per se. In the second cause of action, the plaintiff contended that he had suffered, *inter alia,* emotional distress as the result of the abuse of process by the defendant law firm and the individual defendants. The process alleged to have been abused was the service of a summons and complaint upon the plaintiff in a libel action instituted by the defendant Sam Panish of the defendant law firm. The plaintiff further alleged that Panish sought to use the pending libel action as a means for coercing an unconscionable settlement in the underlying matrimonial action. The Supreme Court,

Westchester County, dismissed the first cause of action but denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action. It found that triable issues of fact existed with regard to "the alleged intent to do harm without cause or justification by the defendants and whether or not such process was issued in a perverted manner so as to obtain a collateral objective by defendants". Upon reargument, the court adhered to its original determination. This appeal ensued. We reverse and dismiss the complaint in its entirety.

In order to sustain a cause of action to recover damages for abuse of process, the process complained of must involve an injury to or an interference with one's person or property (*Curiano v Suozzi*, 63 NY2d 113, 116; *Williams v Williams*, 23 NY2d 592, 596; *Lewis v Pay Tel.*, 124 AD2d 559, 560). In this regard, "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" (*Curiano v Suozzi, supra,* at 116; *Lewis v Pay Tel., supra; Rebore v Pace*, 115 AD2d 468). The only process issued in the libel action against the plaintiff herein was a summons and complaint. Thus, we conclude the plaintiff has failed to meet his burden of proving an unlawful interference with his person or property sufficient to support a claim of abuse of legal process.

Nor do we find evidentiary facts sufficient to make out a cause of action to recover damages for prima facie tort or intentional infliction of emotional distress such that the grant of summary judgment in favor of the defendants would be precluded (*see, Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280-281). With respect to the claim to recover damages for prima facie tort, the plaintiff failed to set forth allegations of special damages or to demonstrate that malice was the defendants' only motive in commencing the prior lawsuit (*see, Curiano v Suozzi, supra,* at 117-118; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *Vevaina v Paccione*, 125 AD2d 392). The plaintiff further failed to show that the defendants' conduct was " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]' " (*Fischer v Maloney*, 43 NY2d 553, 557, quoting from Restatement [Second] of Torts § 46, comment d). Thus, no cognizable claim to recover damages for intentional infliction of emotional distress is stated. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.