■ JOANNE RUGGIERO, Respondent, v CONTEMPORARY SHELLS, INC., et al., Appellants.—In an action to recover damages, inter alia, for unlawful discriminatory practice and intentional infliction of emotional distress, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Collins, J.), dated October 18, 1988, as denied that branch of their motion which was to dismiss the second cause of action alleged in the complaint for intentional inflic-

tion of emotional distress, and (2) so much of an order of the same court, entered March 3, 1989, as upon granting reargument of that branch of their motion which was to dismiss the second cause of action, adhered to the original determination.

Ordered that the appeal from the order dated October 18, 1988 is dismissed, without costs or disbursements, as that order was superseded by the order entered March 3, 1989, made upon reargument; and it is further,

Ordered that the order entered March 3, 1989 is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendants' motion which was to dismiss the second cause of action alleged in the complaint is granted, and the order dated October 18, 1988 is modified accordingly.

This case arises out of allegations that the defendants harassed and ultimately discharged the plaintiff due to her pregnancy. While the plaintiff has concededly set forth a viable claim under the Human Rights Law (Executive Law § 296) of discriminatory and unfair treatment, she failed to allege "extreme and outrageous" conduct. Hence, the Supreme Court erred in declining to dismiss the second cause of action to recover damages for intentional infliction of emotional distress.

In order to state a claim for intentional infliction of emotional distress, conduct must be alleged which is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (Murphy v American Home Prods. Corp., 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment d; see also, Fischer v Maloney, 43 NY2d 553; Noble v Creative Tech. Servs., 126 AD2d 611; Buffolino v Long Is. Sav. Bank, 126 AD2d 508; Green v Leibowitz, 118 AD2d 756). The law does not compensate one for "threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern life no matter how upsetting" (Lincoln First Bank v Barstro & Assocs. Contr., 49 AD2d 1025).

In light of this conclusion, we find it unnecessary to address the defendants' other contentions. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.