■ FLORENCE L. BELL, Appellant, v DIANE SLEPAKOFF et al., Respondents. [639 NYS2d 406] —In an action to recover damages, inter alia, for intentional infliction of emotional distress, prima facie tort, libel, and slander, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated July 26, 1994, as, upon an order of the same court entered June 21, 1994, which, granted, inter alia, those branches of the defendants' motion which were to dismiss the first through fourth, and sixth through tenth, causes of action asserted in the complaint, dismissed those causes of action. The plaintiff's notice of ap-

peal from the order is deemed a premature notice of appeal from the judgment (*see*, CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

It is well settled that on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87).

Here, the entire complaint is predicated on a mere banking dispute arising out of a computer entry. The defendant bank declined to accept a third-party check tendered by the plaintiff for deposit because the check had been drawn upon insufficient funds. This resulted in further conflicts between the plaintiff and the defendant Bank. As such, the acts complained of fall far short of the level of "extreme and outrageous" conduct required of a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co.*, 81 NY2d 115, 82 NY2d 690). Further, the complaint is devoid of any allegations of a deliberate or malicious campaign of harassment or threat, or conduct which is so outrageous or atrocious in nature as to transcend the bounds of decency (*see, Freihofer v Hearst Corp.*, 65 NY2d 135; *Nader v General Motors Corp.*, 25 NY2d 560). Although the plaintiff may well have been aggravated by the incidents pertaining to her bank accounts, and even assuming that bank personnel were rude or abrupt with the plaintiff, the law does not compensate an individual for "threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern life no matter how upsetting" (*Ruggiero v Contemporary Shells*, 160 AD2d 986, 987, quoting *Lincoln First Bank v Barstro & Assocs. Contr.*, 49 AD2d 1025; *Leibowitz v Bank Leumi Trust Co.*, 152 AD2d 169, 182).

Further, the plaintiff has failed to allege any facts to indicate that the sole motivation for the defendants' actions was "disinterested malevolence", thus warranting dismissal of her claim of prima facie tort (*see, Curiano v Suozzi*, 63 NY2d 113, 117; *Burns Jackson Miller Summit & Spitzer v Linder*, 59 NY2d 314, 333).

Lastly, the causes of action sounding in libel and slander were properly dismissed, as the plaintiff failed to identify exactly who overheard or read the alleged publication. It is well established that the identity of third persons to whom the allegedly defamatory statements were made or read must be

pleaded with specificity (*see, Williams v Varig Brazilian Airlines,* 169 AD2d 434, 436-437).

The plaintiff's remaining contentions are without merit. Miller, J. P., Thompson, Joy and Goldstein, JJ., concur.