*431 OPINION OF THE COURT
Ralph A. Beisner, J.
In November 1993 plaintiffs brought a combined declaratory judgment action and CPLR article 78 proceeding challenging certain zoning determinations of the Town of Fishkill. Defendant Sour Mountain Realty, Inc. (Sour Mountain), is the owner of the property at issue, a parcel of approximately 213 acres of land located in the Town of Fishkill west of Route 9 and south of Interstate 84. Defendant Southern Dutchess Sand and Gravel, Inc. (Southern Dutchess) seeks to operate a rock quarry and processing facility on the property. By decision and judgment dated December 8, 1997 (Jiudice, J.), the court dismissed plaintiffs’ action, severed the counterclaim of defendants Sour Mountain and Southern Dutchess and directed that the counterclaim proceed as a plenary action. The counterclaim alleges that the plaintiffs intentionally filed the within action to inflict economic damages on the defendants by forcing them to retain counsel and incur various other costs to defend the lawsuit.
Plaintiffs now move for an order pursuant to CPLR 3212 granting summary judgment in their favor and against defendants and dismissing defendants’ counterclaim. Plaintiffs’ previous motion for summary judgment was denied without prejudice to renew after pretrial disclosure, by decision and judgment dated December 8, 1997 (Jiudice, J.). The depositions of the plaintiffs and of their attorney have now been completed.
Harm intentionally inflicted, such as that alleged in defendants’ counterclaim, is prima facie actionable unless justified (see, Curiano v Suozzi, 63 NY2d 113, 117). A cause of action of prima facie tort consists of four elements: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse or justification, (4) by an act or series of acts that would otherwise be lawful (Curiano v Suozzi, supra, 63 NY2d, at 117).
According to the plaintiffs’ examination before trial testimony, plaintiff Parisella, who is plaintiff Oliveri’s daughter, owns a parcel of property on Route 9 in the Town of Fishkill a short distance from the gravel mine. The Parisella property is improved by two residences, one occupied by plaintiff Parisella and the other by plaintiff Oliveri. The plaintiffs testified that they brought the action against the Town of Fishkill and the defendants because of the noise from the blasting, the smell and the increased traffic from the mining, and the destruction *432 of the mountain. They also testified that the mining had an economic impact on their property in that their homes have sustained cracks in windows and on the patio and they believe that the value of their homes will suffer because of the proximity to the mine.
In order to maintain an action for prima facie tort the sole motive for bringing the action must be one of “ ‘disinterested malevolence’ ” (see, Bell v Slepakoff, 224 AD2d 567, 568). Where a proper motive supports the plaintiffs’ actions, recovery under a theory of prima facie tort is barred (see, Amodei v New York State Chiropractic Assn., 160 AD2d 279, 282, affd 77 NY2d 890). Plaintiffs’ examination before trial testimony sets forth a proper motive for their bringing the declaratory judgment action and, thus, plaintiffs have established prima facie their right to summary judgment in their favor and against defendants.
Defendants’ claim that the pending summary judgment must be denied under the law of the case doctrine is without merit. Defendants’ prior motion for summary judgment which was addressed solely to the pleadings was denied without prejudice. The plaintiffs’ examinations before trial have now been completed. Plaintiffs’ present motion is not merely addressed to the pleadings, but is based on facts as testified to at the examinations before trial.
Defendants further contend that the plaintiffs’ reasons for objecting to the mining are not credible, since plaintiffs’ property is already adjacent to an existing operating quarry. On the contrary, if plaintiffs’ property is already adjacent to an existing operating quarry the credibility of their opposition to a second adjacent operating quarry is strengthened. To credit defendants’ position would lead to the conclusion that a party, once injured, could not be further injured by subsequent tortious conduct. Clearly the law could not tolerate such a result. The defendants have not cited any portion of the plaintiffs’ testimony which indicates that these plaintiffs acted with any malevolence in commencing the declaratory judgment action.
The defendants argue that it is the intent of the person who is paying the plaintiffs’ legal bills in this action that is malevolent. It is undisputed that plaintiffs’ legal bills are being paid by an unknown party. Defendants have sought by this cause of action against the named plaintiffs to discover the identity of the entity or entities sponsoring the original 1993 litigation. There are several disclosure motions in this action pending before the court in which defendants are seeking to discover *433 the identity of this unknown party and then amend their counterclaim to add on the counterclaim this entity or entities. The defendants contend that the unknown entity is the real party in interest in this litigation by virtue of the fact that it is paying plaintiffs’ legal expenses and has allegedly agreed to indemnify plaintiffs.
Defendants further contend that they are entitled to maintain the within counterclaim against the plaintiffs in order to learn the identity of the unknown financier of the plaintiffs. In support of this position, defendants have cited a line of cases that have application in the criminal law (e.g., Matter of Priest v Hennessy, 51 NY2d 62). These cases require the disclosure before a Grand Jury of the identity of the entity paying the legal expenses of a target of a criminal investigation. Clearly a public interest is involved in learning the identity of such a sponsor. This court perceives no such public interest in civil litigation which is seeking redress of tortious conduct, such as that at bar. In fact, defendants have been unable to cite any precedent for such an argument.
In light of the plaintiffs’ proximity to the gravel mine and the damages to them arising from its operation, the plaintiffs have standing to commence this litigation (see, Matter of Parisella v Town of Fishkill, 209 AD2d 850, 851-852 [plaintiff held to have standing in a proceeding against another gravel quarry also located near their property]). It is the decision of this court that allowing a counterclaim for prima facie tort by a defendant against a plaintiff who has standing and a proper motive for bringing an action would defeat the very foundations of our civil justice system. Public policy could not tolerate such a result. Would attorneys who provide their services based upon a contingency fee become a party to the litigation? Would an insurance company that pays the civil judgment become a party to the litigation? Such results would impede an individual’s right to seek redress in civil law, particularly when the individual lacked the funds to bring the lawsuit. As long as these plaintiffs satisfied the standing requirements in the main action (see, Bell v Slepakoff, 224 AD2d 567, 568, supra), the identity of their benefactor is irrelevant.
Accordingly, plaintiffs’ motion for an order pursuant to CPLR 3212 granting summary judgment in their favor and against defendants and dismissing defendants’ counterclaim is granted and defendants’ counterclaim is dismissed. In light of this de *434 termination, that portion of plaintiffs’ motion which seeks an order pursuant to CPLR 2304 and 3103 quashing two subpoenas and voiding two notices of deposition is dismissed as moot.