■ STEWART ZIMMERMAN et al., Appellants, v WILLIAM CARMACK et al., Respondents. [739 NYS2d 430] —In an action, inter alia, to recover damages for trespass, nuisance, and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated September 29, 2000, which, inter alia, granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to dismiss the causes of action sounding in nuisance and trespass, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Liability may be imposed for the intentional infliction of emotional distress " 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, Comment *d; see Howell v New York Post Co.,* 81 NY2d 115). The allegations of the complaint do not rise to the level of extreme and outrageous conduct required. The law does not seek to compensate individuals for "threats, annoyances or petty oppressions or other trivial incidents which must necessarily be expected and are incidental to modern life no matter how upsetting" (*Lincoln First Bank v Barstro & Assoc. Contr.,* 49 AD2d 1025, 1025-1026; *Bell v Slepakoff,* 224 AD2d 567, 568). Accordingly, the Supreme Court properly dismissed the plaintiffs' cause of action to recover damages for intentional infliction of emotional distress.

However, the Supreme Court erred in dismissing the plaintiffs' cause of action to recover damages for nuisance. A defendant may be subject to liability for a private nuisance where he intentionally and unreasonably invades a plaintiff's interest in the private use and enjoyment of his land (*see Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 569; *Weinberg v Lombardi,* 217 AD2d 579). In the instant case, the plaintiffs allege that the defendants, who lived next door to them, repeatedly left their home for long periods of time with an outside stereo playing so loudly that the police were required to come and disconnect the wires, and that the defendants continuously and intentionally allowed the improper and unlawful accumulation of dog waste and garbage, including soiled diapers and rotting food, immediately adjacent to the plaintiffs' property. Accordingly, the plaintiffs have adequately pleaded a cause of action sounding in nuisance (*see Stiglianese v Vallone,* 255 AD2d 167; *Mandel v Geloso,* 206 AD2d 699; cf. *Lewis v Stiles,* 158 AD2d 589).

Similarly, the Supreme Court erred in dismissing the cause of action sounding in trespass. The essence of trespass is the invasion of a person's interest in the exclusive possession of land (*see Copart Indus. v Consolidated Edison Co. of N.Y., supra* at 570). Here, the plaintiffs alleged, inter alia, that the defendants removed lawn ornaments from the plaintiffs' backyard, damaged their barbecue grill, and diverted rainwater onto the plaintiffs' yard causing flooding. Thus, the plaintiffs have adequately pleaded a cause of action sounding in trespass (*see Ligo v Gerould,* 244 AD2d 852; *Dellaportas v County of Putnam,* 240 AD2d 358; *Burk v High Point Homes,* 22 Misc 2d 492).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Smith, Adams and Cozier, JJ., concur.