■ HARPER INVESTMENTS, INC., et al., Appellants, v HARPER-KILGORE, LLC, Now Known as KILGORE COMPANIES, LLC, et al., Respondents. [945 NYS2d 34]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 29, 2011, which, to the extent appealed from as limited by the briefs, directed that the matter be submitted to an independent accountant, as provided for under section 2.10 (c) of the parties' asset purchase agreement, unanimously affirmed, with costs.

As a threshold matter, this appeal is properly before us, as the motion to reargue before Supreme Court was limited to a request to reinstate the complaint, and did not change any aspect of the issue now on appeal—namely, Supreme Court's referral of the matter to the accountant without any limitation on the issues to be decided (*see Fox v Issler*, 77 AD2d 860 [1980]; CPLR 5517 [a] [1]).

On the merits, we perceive no basis to require the court to determine or limit the issues to be decided by the accountant, where the agreement between the parties is sufficient to inform the accountant and the parties as to the proper scope of the accounting. Indeed, plaintiffs have not even articulated a disagreement with defendants as to the scope of the accounting. Moreover, where, as here, the issues before Supreme Court and the accountant appear inextricably intertwined, as in an arbitration, "the proper course is to stay judicial proceedings pending completion of the [accounting]," since "the determination of issues in [the accounting] may well dispose of non[accounting] matters" (*County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC*, 65 AD3d 940, 940 [2009], quoting *Cohen v Ark Asset Holdings*, 268 AD2d 285, 286 [2000]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.