■ ELIAS A. SAFIE, Appellant, v. JOSEPH M. SAFIE, et al., Defendants, and YVETTE VON KORIES, Respondent.— In an action by a judgment creditor to set aside as fraudulent certain transfers by the judgment debtor (defendant Joseph M. Safie) and for other relief, in which the defendant Yvette Von Kories interposed a counterclaim to recover damages for alleged abuse of judicial

process, the plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 30, 1963, which denied his motion for summary judgment dismissing said counterclaim. Order reversed, with $10 costs and disbursements, and plaintiff's motion for summary judgment dismissing the counterclaim granted, without costs. On August 29, 1962 plaintiff recovered judgment in his favor against the defendant Joseph M. Safie for $1,320,879.19, about half of which sum remains unpaid. In a proceeding supplementary to such judgment the plaintiff, on October 4, 1962, obtained a third-party order with respect to certain personalty stored in a warehouse in the name of the defendant Von Kories. The order recited, in accordance with the provisions of the then applicable statute (Civ. Prac. Act, § 781), that the court had reason to believe that the personalty so stored belonged to the judgment debtor. In the instant action to set aside as fraudulent certain transfers by the judgment debtor, the defendant Von Kories interposed a counterclaim to recover damages on the ground: (1) that, when plaintiff applied for the third-party order, he knew that the allegations to the effect that the stored personalty was the judgment debtor's property, were false; or (2) that, when so applying, plaintiff knew that he did not possess information sufficient to determine whether the claim of ownership by the judgment debtor was true or false; and (3) that, in either event the plaintiff's acts in obtaining the third-party order were taken for the purpose of harassing the defendant Von Kories, all of which constituted an abuse of judicial process. Where a party first obtains judicial approval for the issuance of process, as in the case of a third-party order in a supplementary proceeding, an action in the nature of trespass will not lie (*Bornstein* v. *Levine,* 7 A D 2d 843). The affidavit in support of the third-party order contains not a single allegation that the property in question was that of the judgment debtor. The only allegation is that there is reason to believe that the property is that of the judgment debtor. Whether such allegation constituted a reckless abuse of logic and common sense or would not withstand careful analysis, as the defendant Von Kories contends, is not important. She does not claim that the third-party order is void for want of jurisdiction, or that it was irregularly issued, or that any facts were concealed from the Justice who issued it, or that any fact stated in the affidavit was false. The facts set forth in the affidavit called for the court's exercise of its discretion upon evidence which might affect different minds differently. In such a case the rule is that a judicial question is presented and that, no matter which way the matter is decided, neither the court nor any party is liable for the consequences of the court's action (*Fischer* v. *Langbein,* 103 N. Y. 84, 94). Nor does any cause of action exist for intentional infliction of property damage where, as here, the process in question is validly issued as an aid to the collection of a judgment (*Bono Sawdust Supply Co.* v. *Hahn & Golin,* 3 A D 2d 221). The question is not, as Special Term held, whether plaintiff had reason to believe that the property belonged to the judgment debtor, but whether the *court* which granted the third-party order had such reason to believe. The third-party order recites that the court had such reason; and the defendant Von Kories has never moved to vacate that order. There is no claim that the process was improperly used after its issuance; hence, an action for abuse of process will not lie. Nor will an action lie for malicious prosecution, since the prior proceeding has not terminated favorably to the defendant Von Kories (*Hauser* v. *Bartow,* 273 N. Y. 370). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.