opinion of the court
David B. Saxe, J.
This lawsuit was commenced by plaintiff Joan Bockian for compensatory and punitive damages resulting from an alleged assault, harassment and interference of business in connection with a process server’s attempt to effect personal service upon Ms. Bockian’s employer, Mr. Perelman, by delivering a copy of the summons and complaint to her at her office. Four defendants have been sued by Ms. Bockian in this action: (a) the process server, (b) the process server’s employer, (c) the law firm that engaged the process server to serve the papers herein, and (d) the individual partner of the law firm who had handled the matter. The individual partner, David Katsky and the law firm, Esanu Katsky Korins & Siger have brought this motion to dismiss the complaint as against them on the ground that the complaint fails to state a cause of action.
*608 The facts precipitating this lawsuit are as follows: Susan Kasen, who was represented by David Katsky, Esq., of Esanu Katsky Korins & Siger intended to commence litigation against Ronald Perelman, chairman of McAndrews & Forbes Group, Inc., who was represented by Roy Cohn, Esq., of the law firm of Saxe, Bacon & Bolán, P. C. Although the subject matter of their disputes was not disclosed, it appears that Kasen and Perelman had been previously involved in litigation against one another on more than one occasion. Sometime in October, 1983 Katsky spoke to Cohn and informed him that Ms. Kasen was initiating an action against Perelman. Apparently, Cohn offered to accept service of process of the summons and complaint on Mr. Perelman’s behalf but Katsky declined this courtesy alleging that “in a recent litigation in which we were on opposite sides, he [Cohn] ‘agreed’ to accept service of a complaint, and then dishonored the agreement”. So, Katsky retained the International Process Service Company to effect service on Perelman.
It is claimed that the process server, named here as John Doe, arrived at the plaintiff’s place of business, 36 East 63rd Street on November 4, 1983, in an attempt to serve papers on Perelman. The process server was told by the plaintiff that Mr. Perelman was out of the country. It was alleged that the process server then embarked on a course of action for the sole purpose of harassment of Perelman and his employees.
Specifically, it is alleged that the process server continuously rang the doorbell at 36 East 63rd Street. He then allegedly solicited a delivery person who had access to the premises in an attempt to gain access for himself. Further, it is alleged that a scurrilous sign saying that plaintiff suffered from “venereal herpes” was taped by the process server to the building, and threats were made to tape similar signs all over the city. It is also alleged that the process server assaulted Ms. Bockian when she attempted to photograph him.
Based on the above twist of events Ms. Bockian commenced this action against the four named defendants the very next day. She alleges that the defendant law firm and individual partners are liable to her on a theory of agency *609 based on their retention of the defendant process server. It is intimated that the lawyer defendants acted in bad faith because they should have accepted Mr. Cohn’s offer to receive service for Perelman.
What this complaint seeks to promote is a cause of action against a lawyer making him responsible for the actions of a process server whose tactics in effecting service of process might have been somewhat questionable.
Do these allegations set forth any cause of action recognized in New York? A consideration of three intentional torts — abuse of process, prima facie tort and malicious prosecution — is appropriate.
With respect to a possible claim for abuse of process, the essential elements of such a tort have been defined as follows: “First there must be regularly issued process, civil or criminal, compelling the performance or forebearance of some prescribed act. Next, the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse or justification * * * Lastly, defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process”. (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 403.)
The plaintiff’s complaint fails to satisfy the requisites for this tort.
The mere institution of an action by service of a summons and complaint does not constitute regularly issued process which compels the performance or forebearance of a prescribed act within the meaning of Farmingdale (supra). (Krellman v Livingston, 64 AD2d 621, 622, app dsmd 45 NY2d 960; see, also, T.N.J. Holding Corp. v Biaggi, Ehrlich & Lang, 90 AD2d 547.) Additionally, to state a cause of action for abuse of process, a plaintiff must prove special damages. (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d, at p 405.) Here, the plaintiff has not done this.
If the plaintiff is attempting to set forth a cause of action in prima facie tort, that attempt also fails. Prima facie tort has been defined as: “the infliction of intentional harm, *610 resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful (Ruza v Ruza, 286 App Div 767, 769 * * *). An essential element of the cause of action is an allegation of special damages (e.g., ATI, Inc. v Ruder & Finn, 42 NY2d 454). Where special damages are required but are not shown, summary judgment will lie (Bohm v Holzberg, 47 AD2d 764 * * *)”. (Lincoln First Bank v Siegel, 60 AD2d 270, 279-280.)
First, the plaintiff has not properly alleged special damages. Secondly and more importantly, the plaintiff has failed to allege that Esanu Katsky or Mr. Katsky intentionally directed the process server to harm or otherwise harass the plaintiff. The complaint fails to allege that Ms. Bockian was the target of any alleged intention to harm by Katsky or his law firm. This omission was fatal.
Finally, plaintiff might be attempting to establish a cause of action for malicious prosecution. A cause of action for malicious prosecution is not legally cognizable unless it is established: “that defendant commenced or continued a proceeding against the plaintiff; that such proceeding terminated in plaintiff’s favor; that there was no probable cause for the action and that the proceeding was instituted with actual malice; and that there must have been some interference with plaintiff’s person or property (Williams v Williams, 23 NY2d 592) such as by use of such incidental remedies as attachment, arrest or injunction.” (Belsky v Lowenthal, 62 AD2d 319, 321, affd 47 NY2d 820.)
The plaintiff here has failed to meet any of these requirements.
The plaintiff has failed to allege any theory of intentional tort recognized in this State. Nor can an attorney be held vicariously liable for the alleged malfeasance of a process server who arrives at a litigant’s business address to serve process at an allegedly inconvenient time. An attorney does not generally retain a sufficient degree of control over an independent process server’s performance of his duties as would be necessary to render the process server an agent or employee of the attorney. (See Restatement, Agency 2d, § 2, subd [3].)
IPSC and the “John Doe” process server, who were retained on behalf of a client of Esanu Katsky, can be *611 viewed only as “independent contractors”. (See Ostrander v Billie Holm’s Vil. Travel, 87 Misc 2d 1049; Restatement, Agency 2d, § 2, subd [3].) Esanu Katsky and Katsky retained IPSC, on behalf of their client, simply to effect service of process upon Perelman, and neither Mr. Katsky nor Esanu Katsky controlled, or even had the right to control, the performance of that service. They did not select the particular process server, nor did they direct the manner for effecting service of process.
Although there are exceptions to the general rule that an employer is not liable for acts of an independent contractor (see Schwartz v Merola Bros. Constr. Corp., 290 NY 145), none of those exceptions apply here. (Dorkin v American Express Co., 74 Misc 2d 673, affd 43 AD2d 877.)
No duty is imposed upon an attorney by statute or ordinance to oversee and review the acts of a process server, nor is service of process a nondelegable duty or an inherently dangerous task. Furthermore, by hiring a process server, an attorney does not assume any contractual duty toward the potential defendant. The view advanced here by plaintiff’s attorney supports the ludicrous notion that an attorney is vicariously liable for the alleged bad acts of a process server. But this view, if adopted, would have a “chilling effect” on attempts by citizens, through their lawyers, to place disputes into the legal process for disposition. Without question, such a policy should not be favored.
The complaint as directed against Esanu Katsky, therefore, and Mr. Katsky, individually, fails to state a cause of action. It is dismissed, with costs.