(June 19, 1990)

■ FRANK BALZANO, Appellant-Respondent, v EDWARD L. LUBLIN, Also Known as ED LUBLIN, Respondent-Appellant and Third-Party Plaintiff-Appellant. FINKELSTEIN, BORAH, SCHWARTZ, ALTSCHULER & GOLDSTEIN et al., Third-Party Defendants-Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Beatrice Shainswit, J.), entered April 18, 1989, which granted third-party defendant's motion pursuant to CPLR 3212 for summary judgment dismissing plaintiff's amended complaint and defendant's amended third-party complaint, unanimously affirmed, with costs.

Plaintiff was the tenant and defendant the landlord of a storefront. Plaintiff claims that the demised premises were damaged as a result of a fire elsewhere in the building and that he had an oral agreement with defendant whereby payment of rent was abated while plaintiff effected repairs. Plaintiff could not, however, provide any proof of this agreement or of the repairs he allegedly made, offering merely his own conclusory assertions. Plaintiff was $22,000 in arrears in payment of rent.

Defendant brought a summary nonpayment proceeding and obtained a warrant of eviction. The judgment was vacated on the ground that plaintiff was never properly served, but the

premises had already been rerented. Plaintiff then commenced the instant action.

Plaintiff's amended complaint states a cause of action for breach of the lease, specifically, breach of the covenant of quiet enjoyment. The payment of all required rent is a condition precedent to the maintenance of such an action *(Herstein Co. v Columbia Pictures Corp.,* 4 NY2d 117, 121). Plaintiff does not dispute that he was in arrears when he filed his amended complaint.

Plaintiff cannot avoid summary judgment by relying on the alleged oral agreement to abate rent while repairs were effected. The lease includes a merger clause, and parol evidence is not admissible to vary the terms of a written contract containing a merger clause *(Moloney v Weingarten,* 118 AD2d 836, 837, *lv denied* 69 NY2d 608). Nor can plaintiff rely on the exception to the Statute of Frauds for a partially executed oral modification. Even if, in the absence of any proof, partial performance under the alleged modification is assumed, it is not unequivocally referable to the alleged oral modification *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 343). We further note that plaintiff has completely failed to substantiate his claim of damages *(see, Kenford Co. v County of Erie,* 67 NY2d 257, 261).

The third-party complaint was also properly dismissed. The only allegation of negligence set forth is in commencement of the summary proceeding. However, the third-party defendant has asserted, without contradiction, that its process server was an independent contractor. Accordingly, it is not liable for any alleged negligence by that process server *(Bockian v Esanu Katsky Korins & Siger,* 124 Misc 2d 607, 611). Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.