OPINION OF THE COURT
Harold Tompkins, J.
Defendants’ motion for summary judgment raises the issue of the relationship between a law firm retained to prosecute an action and a process server who serves the summons and complaint that commences the action. The context in which this issue arises is an action for legal malpractice for the failure to timely and properly commence a medical malpractice action. The court’s research has not found any reported *854 opinions[1] in New York State or any other jurisdiction that imputes liability to a law firm for the negligence of a process server in inadequately serving a defendant.
FACTS
Plaintiffs complaint states that she was treated by Doctor Neils Laursen between November 14, 1972 and May 7, 1976. On November 2, 1978, she retained the defendant law firm to commence an action sounding in medical malpractice against Doctor Laursen and New York Hospital. On November 5, 1978, the defendant law firm prepared and delivered a summons and complaint to its regular process serving company, Fischer’s Service Bureau, Inc. It advised Fischer that the Statute of Limitations would expire on November 7, 1978 and that therefore service had to be made immediately. An employee of Fischer’s Service Bureau, Inc., Jerome Campbell, submitted an affidavit of service stating that Doctor Laursen had been personally served on November 8, 1978. Doctor Laursen raised the affirmative defense of lack of jurisdiction by answer dated February 8, 1979. Justice Beverly Cohen, by order dated June 5, 1980, determined that service on November 8, 1978 was not untimely since November 7, 1978 was Election Day, a legal holiday pursuant to General Construction Law § 24. She referred the factual issue of whether the process server actually served Doctor Laursen to a Referee for a traverse hearing. After a hearing, the Referee recommended dismissal against Doctor Laursen for inadequate service and the action was subsequently dismissed against him. Subsequently, on or about January 22, 1987, the action was tried against the codefendant New York Hospital and the jury returned a defendant’s verdict. On February 8, 1989, plaintiff commenced this action against the defendant law firm for legal malpractice. Her bill of particulars alleges the specific acts of malpractice as a failure to timely commence an action against Doctor Laursen and failure to properly supervise the *855 process server with respect to the timeliness of service of the complaint.
ANALYSIS
Plaintiff contends that the process server operates as an agent for the attorney who is retained to prosecute the action. She claims that the attorney has a nondelegable duty to commence the action. Service of the papers is the necessary means to commencing a case. Plaintiff asserts that the law firm ought to have more carefully supervised the service of the summons and complaint and alludes to the reputation of the process server of Fischer’s Service as being notorious for sloppy and casual service.
Defendant Rheingold states that he prepared the summons and complaint and delivered it to the process server, Fischer’s Service, prior to expiration of the Statute of Limitations. He further advised the process server that service had to be made immediately. However, the precise manner of service and the specific individual process server were selected by Fischer Service.
A process server is an independent contractor rather than an agent of the attorney who engages him or her to serve process (see, Bockian v Esanu Katsky Korins & Siger, 124 Misc 2d 607 [Sup Ct, NY County 1984]; Ostrander v Holm’s Vil. Travel, 87 Misc 2d 1049 [Dist Ct, Suffolk County 1976]). The process server is employed for the task of serving papers. The method of service, including the exact time, place and manner are within the process server’s discretion. The attorney does not have control over the manner in which the task is performed. If, as in this action, the attorney selects a process serving agency, the selection of the individual process server is done by the agency. The court declines to extend an attorney’s responsibility to impose a duty to oversee the actions of a process server (Robinson v Jacoby & Meyers, — AD2d — [1st Dept]). Defendant’s motion for summary judgment dismissing the complaint is therefore granted.[2]

. After this motion was submitted, the Appellate Division, First Department affirmed the dismissal of a legal malpractice action in which the only specific facts alleging negligence were that the process server forwarded an affidavit of service even though the defendant in the underlying case was never served (Robinson v Jacoby & Meyers, — AD2d — [1st Dept]). The court did not explicitly rule on the issue of agency raised in this motion. However, the court’s holding in Robinson supports this court’s determination that the actions of the process server cannot be properly attributed to the law firm.

. Plaintiff has cross-moved for summary judgment and this motion is denied. In addition to the lack of legal duty without which there is no liability, plaintiff has failed to put forth any evidence of defendants’ malpractice.