■ JANET KLEEMAN, Appellant, v PAUL D. RHEINGOLD et al., Respondents.—Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered January 25, 1991 and February 5, 1991, respectively, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment, and, order of the same court, entered April 30, 1991, which granted the plaintiff's motion for reargument and, upon reargument, adhered to its original determination, affirmed, without costs.

Shortly before the expiration of the applicable Statute of Limitations, the plaintiff retained the defendant law firm to commence a medical malpractice action against a physician on her behalf. The defendant, Paul D. Rheingold, a shareholder in the firm, prepared a summons and complaint and delivered them to the firm's "regular" process serving company, Fischer's Service Bureau, Inc. Rheingold advised the process serving company that the suit had to be commenced immediately, prior to the expiration of the Statute of Limitations.

Rheingold subsequently received, by return mail, an affidavit of personal service, verifying, under oath, that Jerome Campbell had effectuated personal service upon the physician, who was accurately described, within the requisite time period. In his answer to the complaint in the medical malpractice action, the physician asserted the affirmative defenses of lack of personal jurisdiction and the expiration of the Statute of Limitations. Upon completion of a traverse hearing, the court held that jurisdiction had not been obtained over the physician because he had never been personally served. The action against him was therefore dismissed.

The plaintiff thereafter instituted the instant action against the defendants for legal malpractice based on their purported failure to properly commence an action against the doctor within the statutory time limit. The defendants' motion for summary judgment dismissing the complaint was granted by the Supreme Court which thereafter granted the plaintiff's

motion for reargument but upon reargument, adhered to its original determination.

The plaintiff maintains that the defendant law firm is liable to her for the negligence of the process server. However, we agree with the Supreme Court that, under New York law, an attorney cannot be held vicariously liable for the negligence of a process server when the process server is an independent contractor and further the attorney receives an affidavit of service in proper form *(Balzano v Lublin,* 162 AD2d 252; *see, Bockian v Esanu Katsky Korins & Siger,* 124 Misc 2d 607, 611; *see also, Robinson v Jacoby & Meyers,* 167 AD2d 134).

The defendant did not select the process server who attempted to deliver the summons and complaint, nor did he direct or control his actions with regard to the manner, time or place of service. The process server was acting as an independent contractor and not as an agent or subagent of the law firm.

We have considered the plaintiff's remaining contention and find it to be without merit. Concur—Kupferman, Ross and Asch, JJ. Milonas, J. P., and Rosenberger, J., each dissent in separate memoranda as follows:
Milonas, J. P., (dissenting).

Plaintiff Janet Kleeman suffered damages from the alleged medical malpractice committed by Dr. Neils Lauerson at New York Hospital. On November 2, 1978, five days before the expiration of the applicable statute of limitations, plaintiff retained defendant law firm for the purpose of instituting an action against Dr. Lauerson and the hospital. Three days later, defendant prepared and delivered a summons and complaint to a process serving company, Fischer's Service Bureau, which was advised that process had to be served immediately. Although service did not occur until November 8, 1978, that date was subsequently deemed to be timely since November 7th was a holiday. However, notwithstanding that an employee of Fischer's Service Bureau submitted a verified affidavit of personal service upon Dr. Lauerson, the traverse hearing resulted in a finding that there had been no effective service upon the doctor. As for the hospital, it prevailed at the ensuing jury trial. Plaintiff, accordingly, instituted the instant action for legal malpractice against defendants, asserting failure to commence timely suit against Dr. Lauerson and the lack of supervision of the process server.

Defendants ultimately moved for summary judgment dis-

missal on the ground that they could not be held liable for the acts of the process server, an independent contractor. The Supreme Court deemed this argument persuasive and granted the motion to dismiss, stating that "[a] process server is an independent contractor rather than an agent of the attorney who engages him or her to serve process * * * The process server is employed for the task of serving papers. The method of service, including the exact time, place and manner are within the process server's discretion. The attorney does not have control over the manner in which the task is performed." [148 Misc 2d 853, 855.] Although the court granted plaintiff's motion for reargument, it adhered to its original determination, and plaintiff appealed. In my opinion, there are factual matters involved herein which preclude summary judgment.

Beyond merely delegating the service of process to Fischer's Service Bureau, there is no indication that defendant law firm did anything whatever to supervise the accomplishment of the process despite its knowledge that there were only two days remaining for undertaking valid service. Indeed, defendant failed even to take the simple precaution against defective service entailed in filing the summons and complaint with the county clerk as provided in CPLR 203 (b) (5). Moreover, plaintiff presented some evidence that the particular process server utilized by defendant had a history of performing its task in a slipshod manner. Yet, the majority have concluded that an attorney cannot be held vicariously liable for the negligence of a process server when the attorney does not retain a sufficient degree of control over the process server's performance of his duties. In favor of this proposition they cite an appellate case, *Balzano v Lublin* (162 AD2d 252). However, the only reference in *Balzano v Lublin (supra,* at 253) to a process server is that "the third-party defendant has asserted, without contradiction, that its process server was an independent contractor. Accordingly, it is not liable for any alleged negligence by that process server". This brief comment was included without further discussion at the conclusion of the court's opinion, which otherwise dealt with an entirely different matter. It cannot now be transformed into authority for a matter in which the legal counsel's relationship to the process server is the crucial issue. Moreover, the other case mentioned by the majority, *Robinson v Jacoby & Meyers* (167 AD2d 134), holds only that the allegations contained in the complaint therein were wholly conclusory and, therefore, insufficient to charge an attorney with negligence and malpractice. This matter is, thus, inapplicable to the instant situation.

The fact is that even if a particular person or organization is an independent contractor, he or it may nonetheless still be an agent or subagent. Indeed, the Court of Appeals has held that a defendant who retains an independent contractor to fulfill services that the former has agreed to perform is liable for the negligence of that independent contractor *(Miles v R & M Appliance Sales,* 26 NY2d 451; *see also, Mduba v Benedictine Hosp.,* 52 AD2d 450). In *Feliberty v Damon* (72 NY2d 112, 118), the Court of Appeals recently declared that: "It was early postulated that a master had the ability, and the obligation, to control its servant, and would be liable for torts committed by the servant in the course of employment *(see generally,* Harper and Kime, *The Duty to Control the Conduct of Another,* 43 Yale LJ 886 [1933-1934]). The common-law distinction between 'servants' and 'independent contractors,' whose wrongdoing generally gave rise to no liability on the part of those who hired them, is comparatively recent (Prosser and Keeton, Torts § 71, at 509 [5th ed]). The reason most commonly advanced for the distinction is that an employer cannot control the manner in which work is performed by an independent contractor as it can the work of a servant; in these circumstances, the contractor itself is properly chargeable with preventing, bearing and distributing the attendant risks. *(See,* Restatement [Second] of Torts § 409, comment a.) The principle that an employer is not liable for the acts of independent contractors remains the general rule today, albeit with growing public policy exceptions; the Restatement lists approximately 20 exceptions to the rule *(see,* Restatement, *op. cit.,* §§ 410-429; *see also,* Comment, *Risk Administration in the Marketplace: A Reappraisal of the Independent Contractor Rule,* 40 U Chi L Rev 661 [1973])."

In *Cohen v Lipsig* (92 AD2d 536), the Court found that it was a question of fact whether an attorney should be estopped from denying the derivative liability of the alleged negligence of the trial counsel selected by him. Indeed, a lawyer is typically his or her client's agent and, therefore, Fischer's Service Bureau, even if an independent contractor, was still a subagent appointed by defendant, rather than a party retained directly by plaintiff, to effectuate a service that was properly part of defendant's responsibility. Certainly, an agent is liable to his or her principal for the acts of a subagent *(see,* 2 NY Jur 2d, Agency and Independent Contractors, § 151, at 581-582). In my opinion, there is certainly a question of fact involved here as to whether defendant was negligent in failing to monitor the manner in which the process server carried out

its delegated duties or in not taking any other means to protect against faulty service, such as filing the summons and complaint with the County Clerk. By dismissing this action, the majority have allowed defendants to absolve themselves of any inquiry into their possible negligence by the simple act of handing a summons over to a process server, whom they deem to be an independent contractor. Consequently, summary judgment dismissing the complaint was inappropriate.

Rosenberger, J. (dissenting).

I dissent from the majority which affirms the grant of summary judgment to defendants, but on narrower grounds than does Justice Milonas.

Defendants failed to take the precaution against defective service entailed in filing the summons and complaint with the County Clerk as provided in CPLR 203 (b) (5), so as to extend the period of limitation for sixty days. While I agree with the majority that an attorney should not be held vicariously liable for the negligence of a licensed process server who is employed by an independent process service agency to which the attorney has entrusted the summons for service, the inquiry should not end there. Whether the failure to file the summons with the County Clerk, thereby extending the period of limitation, was, in these circumstances, malpractice on the part of the defendant attorneys is a question of fact which should be determined at trial.

Accordingly, I would reverse the order granting summary judgment to the defendants, and reinstate the complaint. *[See,* 148 Misc 2d 853.]