Bellacosa, J.
(concurring). While I agree with the Court’s result, I am unable to join in the broad rationale upon which it is premised. This case should be more prudently resolved on the narrower ground that questions of fact exist as to whether the defendant law firm was negligent in choosing its process server and in failing to obtain an automatic 60-day extension under CPLR 203 (b) (5).
The remedial rescue device, CPLR 203 (b) (5), which has been described as the "skyscraper on the statute of limitations landscape” (Siegel, NY Practice, at 56 [2d ed 1991]), was enacted to aid attorneys, such as the defendants, whose clients are faced with the imminent running of the Statute of Limitations. The allegations with respect to defendants’ failure to take advantage of this statutory remedy raise questions of fact barring dismissal of the plaintiffs complaint.
Also, since attorneys may be liable for their own negligence in selecting a particular process server, and since plaintiff alleges that the entity chosen by defendants, Fischer’s Service Bureau, Inc., had a reputation for poor and sloppy service, there are fact issues here which suffice to defeat defendants’ summary judgment motion for dismissal.
The Court’s result is reached instead by classifying service of process, for the first time, as a nondelegable duty of the attorney. This rationale opens up an unrealistic and undue liability channel not only with respect to the relationship of attorneys to process servers but, by analogous extension, also to many other relationships in which attorneys retain specialists and experts in the discharge of their professional obligations to clients.
This broad new rule requires, in effect, that an attorney inquire beyond any facially sufficient affidavit of service of process to verify personally the facts that underlie it. This contradicts the justification and practicality for the long-standing practice of utilizing and relying on independent process servers. For practical purposes, it will compel attorneys to assume the role of process servers themselves. While many large firms already have such in-house operatives, attorneys practicing in small firms and solo practitioners may now also have no choice but to hire in-house process servers so that the lawyers can always maintain direct supervision and control over them. No other way is left to avoid potential liability to *280 disgruntled or harmed clients. Since the ordinary question-of-fact path is available through which plaintiffs cause may proceed beyond summary judgment, I see no justification or necessity for paving this boulevard route to that same result.
Notably, the rule that would make an attorney liable for the acts of an outside process server on the basis announced in this case also conflicts with the useful teachings of several of our lower courts and at least one sibling State. They continue the classification of "outside” process servers as independent contractors (see, e.g., Balzano v Lublin, 162 AD2d 252, 253; Bockian v Esanu Katsky Korins & Siger, 124 Misc 2d 607, 610-611; Kersten v Van Grack, Axelson & Williamowsky, 92 Md App 466, 608 A2d 1270). This approach is prudent because attorneys in these situations have no effective control over the particular manner in which selected process servers do their jobs. The long-standing classification of process servers as independent contractors should be retained, with the result that attorneys would not be liable to plaintiff on a respondeat superior basis for the negligent acts of process servers (Rosenberg v Equitable Life Assur. Socy., 79 NY2d 663, 668; Feliberty v Damon, 72 NY2d 112, 118).
Accordingly, I would modify to deny defendants’ motion for summary judgment but on the more narrowly expressed basis.
Chief Judge Kaye and Judges Simons, Hancock, Jr., and Smith concur with Judge Titone; Judge Bellacosa concurs in result in a separate opinion.
Order modified, etc.