■ WILLIAM ZECKENDORF et al., Appellants, v KERRY H. LUTZ, P. C., et al., Respondents. [723 NYS2d 360] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about November 22, 2000, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action, unanimously affirmed, with costs.

The causes of action in the amended complaint for trespass, abuse of process and violation of 42 USC § 1983, arising out of the entry of defendants, the attorneys for the judgment creditors, into plaintiff judgment debtor's residence at the Delmonico Hotel pursuant to an ex parte order of the Supreme Court, New York County, to collect on a duly entered judgment, are legally insufficient and were properly dismissed.

Since judicial approval was obtained prior to defendants' entry into plaintiffs' apartment, plaintiffs' claim of trespass must fail unless plaintiffs allege that defendants obtained the ex parte order either by concealing facts from the Justice issuing the order or by falsifying facts in the affidavit submitted in support of the order's issuance (*see, Safie v Safie*, 19 AD2d 900). Plaintiffs plead no facts or circumstances from which it can be reasonably inferred that defendants' statements to the court were false or fraudulent. Plaintiffs offer only conclusory allegations that defendants knew that plaintiffs leased their residence and were not guests of the hotel and that they knew that plaintiffs' room did not contain a safe.

Plaintiffs' cause of action for abuse of process fails to state a claim for relief since plaintiffs have not set forth facts indicating that defendants utilized the regularly issued process for

other than its proper purpose, i.e., to obtain payment of a debt, or that they initiated process compelling performance or forbearance of some prescribed act (*see, Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 403; *Andesco, Inc. v Page*, 137 AD2d 349, 356-357).

Finally, since plaintiffs do not challenge the New York statute under which defendants applied ex parte for entry into plaintiffs' residence, but instead allege merely that defendants, private parties, misused a statute, they fail to state a claim for violation of 42 USC § 1983 (*see, Lugar v Edmondson Oil Co.*, 457 US 922, 940).

We have considered plaintiffs' remaining contentions and find them to be unavailing. Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.