*638 OPINION OF THE COURT
Kenneth L. Gartner, J.
This case presents an issue specifically left unsettled by the Court of Appeals in Kleeman v Rheingold (81 NY2d 270 [1993]): whether an attorney may be held liable for the wrongs of a process server retained by the attorney to serve a summons and complaint, which cause damage not to the attorney’s own client, but to a potential defendant or other third parties.
The plaintiff is the husband of a purported debtor of the defendant law firm’s client. The plaintiff brings this action for damages allegedly arising from the wrongful restraint of a bank account which he holds together with his wife. Trial was held before this court without jury.
According to the plaintiff, the defendants represented the defendants’ client, a credit card issuer, in the commencement of an action against the plaintiff’s wife based upon her nonpayment of a credit card bill. However, the process server retained by the defendants made “nail and mail” service at a residence no longer occupied by the plaintiff and his wife. Neither the plaintiff nor his wife ever received actual notice of the lawsuit’s commencement.
When the plaintiff’s wife therefore failed to answer the complaint, the defendants took a default judgment against the wife.
The defendants thereafter issued a restraining notice to the bank at which the plaintiff and his wife maintain a joint account. The bank placed a restraint on it. The wife immediately called the defendants and explained to them her excuse for her nonappearance. However, the defendants refused to release the restraint. The plaintiff’s wife was required to make a motion to vacate the default judgment. The defendants consented to the judgment’s vacatur and the lifting of the restraint only when — three months later on the motion submission date — the plaintiff’s wife provided them with documentary proof of the fact that on the date in question she did not reside at the address at which service was made.
The plaintiff and his wife contend that the process server was at best negligent, and possibly guilty of perjury and “sewer service,” in giving an affidavit stating that a neighbor had been spoken to who confirmed the occupancy of the plaintiff and his wife on the date in question.
The defendants assert that because they served only a general restraining notice, and not one which specified particu *639 lar property of the judgment debtor to be restrained, they are absolutely insulated from liability as a matter of law by CPLR 5222, which provides for such liability only in the former situation. The defendants are wrong. The defendants’ argument was expressly rejected in Walter v Doe (93 Misc 2d 286, 288 [Civ Ct, NY County 1978, Sklar, J.]). In Walter v Doe (at 290), Judge Sklar held:
“Citibank claims that dismissal is required because of the provision of CPLR 5222 (subd [b]) which states: ‘A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint.’ It urges that the right and remedy urged by the statute are exclusive * * * This court disagrees. The purpose of the statute is to prevent a judgment creditor from serving restraining notices at whim. It was not intended to permit, or encourage lack of care on the part of those seeking to collect the judgment. (Cf. Stathopoulos v Seaways Shipping Corp., supra, pp 608-609.)”
In Walter v Doe, Judge Sklar found the attorney for a judgment creditor liable as a matter of law for negligently issuing a restraining notice against one Leonard Walter, despite having information in his file sufficient to constitute notice to him that the judgment debtor was not Leonard Walter, but rather, Abraham Walter, Leonard’s brother. In the instant case, in contrast, the defendants had what on the surface appeared to be an entirely proper default judgment against the very individual whom they had reason to believe owed a debt to their client. There was no negligence on their behalf in issuing the restraining notice. Neither could liability be premised on their insisting on documentary confirmation of the plaintiffs wife’s assertion regarding residency.
This case may be distinguished from North Am. Capital Corp. v O’Hara (2001 NY Slip Op 40355 [U] [Nassau Dist Ct 2001]). In North Am. Capital, the same law firm which is the principal defendant in the instant case was sanctioned when it refused to lift a mistakenly issued restraint even after it had been documentarily established that (1) the judgment was against a person the client did not intend to sue, and (2) the restraint had been placed against the account of a person *640 against whom the client had never commenced an action or obtained a judgment. In the instant case, in contrast, the defendant acted promptly and reasonably once the documentary proof was presented to it.
The next question is whether the defendants can be found liable if it were true that the process server performed a form of “sewer service.”
In Kleeman v Rheingold (supra, 81 NY2d 270), the Court of Appeals held that an attorney may be held vicariously liable to his or her client for the negligence of a process server whom the attorney has hired on behalf of the client, because the attorney has a nondelegable duty to the client. However, the Court specifically did not decide the separate question of an attorney’s liability for wrongs a retained process server may commit against a potential defendant or another third party. (81 NY2d at 277; see, Arnoff and Jacobs, The Negligence of Independent Contractors, NYLJ, June 8, 1993, at 3, col 1; Carlisle, Bar Urged to Obey Code and Do the Right Thing, NYLJ, Nov. 1, 1993, at S10, col 3.)
That separate question now being squarely presented, it is this court’s determination that this situation does not fit into any of the recognized categories of “exceptions” to the general rule that a party who retains an independent contractor is not liable for the independent contractor’s negligent acts. The work of a process server is not especially or “inherently” dangerous, and attorneys owe no nondelegable duty to potential defendants or third parties. (Kleeman v Rheingold, supra, 81 NY2d at 273-274.) Thus, despite Kleeman v Rheingold having invitingly left the issue open, prior law remains in effect, which is that an attorney cannot be held vicariously liable for the alleged malfeasance of a process server. (Bockian v Esanu Katsky Korins & Siger, 124 Misc 2d 607 [Sup Ct, NY County 1984, Saxe, J.].)
While an attorney may not be held “vicariously liable” — i.e., automatically liable as a matter of law for the actions of another, in this case the process server — the attorney may potentially still be liable for his own wrongful conduct. Thus, if the defendants continued to use a process server with a demonstrated record of persistent complaints and established unreliability, the defendants could arguably be subject to liability in a situation such as the one at bar. In Kleeman v Rheingold, Judge Bellacosa, concurring, opined that he would have denied summary judgment to the defendant attorneys, “since attorneys may be liable for their own negligence in selecting a *641 particular process server, and since plaintiff alleges that the entity chosen by defendants * * * had a reputation for poor and sloppy service * * * .” (81 NY2d at 279.)
On the other hand; the instant defendants argue that they should be deemed to have fulfilled their obligation simply by having chosen a process server licensed by the State of New York under General Business Law article 8. As held by the Court of Appeals in Kleeman v Rheingold (supra, 81 NY2d at 277), “the purpose of the licensing system for process servers is * * * to protect defendants who might otherwise be deprived of their day in court or be victimized by ‘fraudulent default judgments.’ ” Having relied upon this system, the defendants argue, they ought be insulated from liability.
In the instant case, the defendants’ representatives testified credibly and without contradiction that they had no adverse experience with the process server used on this occasion, and that in fact to this date they have no reason to believe that the process server made other than a bona fide and genuine (if ultimately unsuccessful) effort to make proper service in accordance with the statutory mandates. Thus, under either standard, liability cannot be established.
Consequently, this court has no choice other than to grant judgment to the defendants dismissing the plaintiff’s complaint.