(March 15, 2005)

CLA-MIL EAST HOLDING CORP., Also Known as CLAMIL EAST HOLDING CORP., Respondent, v MEDALLION FUNDING CORP. et al., Appellants. [791 NYS2d 532]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered October 16, 2003, which denied defendants' motion for summary judgment dismissing the complaint and granted

plaintiff's cross motion for partial summary judgment on liability, unanimously reversed, on the law, without costs, defendants' motion granted and the cross motion denied. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint. Appeal from order, same court and Justice, entered March 11, 2004, which, inter alia, directed an assessment of damages, unanimously dismissed, without costs, as academic.

Plaintiff landlord seeks recovery for abuse of process, trespass, punitive damages and damage to its premises incurred when defendant secured creditor repossessed collateral from tenant judgment debtor, a laundromat operator, pursuant to a court order obtained ex parte by defendant law firm. The controlling agreements for the loan, executed together as one transaction, included an agreement to assign the lease in the event of default. This assignment agreement contained a waiver of notice of repossession of collateral, provided that the agreement was enforceable between landlord and tenant without restriction, and provided that the agreement be attached to the lease until the security interest was satisfied. The only loan document signed by plaintiff was a landlord's consent to the assignment agreement, which, inter alia, effectively bound plaintiff to the aforementioned waiver of notice. There was no requirement that the secured creditor post a bond prior to repossession.

Under these circumstances, the law firm defendant did not engage in an abuse of process, since plaintiff was not entitled to notice or a bond, the ex parte application did not affect its rights, and the use of process and the repossession were not intended to do harm or to obtain an improper collateral objective (*see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). There was no wrongful or improper exercise of authority, fraud, collusion or malicious or tortious act by the law firm defendant, hence no liability to plaintiff, a nonclient (*cf. Mayes v UVI Holdings*, 280 AD2d 153, 161-162 [2001]). The trespass claim should also have been dismissed inasmuch as the entry onto plaintiff's premises and the repossession were duly ordered by the court upon a proper application with no undisclosed material fact (*see Zeckendorf v Kerry H. Lutz, P.C.*, 282 AD2d 295 [2001]). Neither the landlord nor the law firm could be held liable for any damage caused by the marshal who executed the repossession. "Generally, a landlord 'is not responsible for the manner in which an officer executes a valid process duly issued . . . the officer only becomes his agent where the process is irregular, unauthorized or void' " (*Mayes*, 280 AD2d at 157, quoting *Ide v Finn*, 196 App Div 304, 314-315 [1921]). Nor could the law firm be held li-

able for the acts of the marshal on the theory that the marshal was acting on its behalf. The rule in *Kleeman v Rheingold* (81 NY2d 270 [1993]), based upon an attorney's nondelegable duty to exercise care in representing clients, does not give rise to a cause of action in third parties under these circumstances (*see Feldman v Upton, Cohen & Slamowitz*, 190 Misc 2d 637 [2002]). Finally, the cause of action for punitive damages is without merit absent allegations of an intentional tort or the requisite degree of other misconduct (*Mayes*, 280 AD2d at 161).

In light of the foregoing, the appeal of the second order is academic. Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.