Dashdevs LLC v Capital Mkts. Placement, Inc. (2022 NY Slip Op 06547)

Dashdevs LLC v Capital Mkts. Placement, Inc.

2022 NY Slip Op 06547

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 655993/18 Appeal No. 16700 Case No. 2021-04191 

[*1]Dashdevs LLC, Plaintiff-Respondent,
v
Capital Markets Placement, Inc., Defendant-Appellant.

Long & Associates PLLC, New York (Ryan E. Long of counsel), for appellant.
Borg Law LLP, New York (Jonathan M. Borg of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 15, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's counterclaims for tortious interference with contract, abuse of process, and fraud, and granted plaintiff's alternative motion for summary judgment dismissing defendant's counterclaim for defamation, unanimously affirmed, with costs.
Defendant failed to state a cause of action for tortious interference with contract, as it failed to allege the existence of a contract between defendant and its clients that had been breached (see Amato v New York City Dept. of Parks & Recreation, 110 AD3d 439, 440 [1st Dept 2013]; see generally Foster v Churchill, 87 NY2d 744, 749-750 [1996]). Further, the allegations that plaintiff caused defendant's clients to terminate their relationship with defendant by "defam[ing]" defendant and "woo[ing]" the clients were vague, conclusory, and based on speculation (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]).
The court correctly granted plaintiff summary judgment dismissing the counterclaim for defamation on the ground that it was barred by the one-year statute of limitations (see CPLR 215 [3]). The alleged defamatory statements by plaintiff occurred in July 2018, over two years before defendant served its answer containing the counterclaim (see CPLR 215 [3]; Melious v Besignano, 125 AD3d 727, 728 [2d Dept 2015]). Defendant's allegation that the defamation was "ongoing" was "wholly speculative" (Smulyan v New York Liquidation Bur., 158 AD3d 456, 457 [1st Dept 2018]).
The counterclaim for abuse of process was correctly dismissed. Defendant failed to set forth facts showing that plaintiff's service of subpoenas and restraining notices was motivated by an intent to do harm, or to achieve any purpose other than the legitimate purpose of enforcing its judgment (see Zeckendorf v Kerry H. Lutz, P.C., 282 AD2d 295, 295-296 [1st Dept 2001]; Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590, 591 [1st Dept 1990]). Defendant also failed to allege facts showing that plaintiff's failure to serve its motion for a default judgment, or copies of the subpoenas with restraining notices, on defendant's counsel was motivated by an improper purpose.
Furthermore, defendant failed to plead its counterclaim for fraud with the requisite particularity (see CPLR 3016 [b]). The allegations made "upon information and belief" were insufficient to support the claim (see Facebook, Inc. v DLA Piper LLP (US), 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]), and defendant failed to allege any facts from which it could be reasonably inferred that the invoices submitted by plaintiff were in fact falsely inflated, or that it justifiably relied on the allegedly inflated invoices to its detriment (see Katz 737 Corp. v Cohen, 104 AD3d 144, 151 [1st Dept 2012], lv denied 21 NY3d 864 [2013]; 
see generally Eurycleia [*2]Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
We have reviewed defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022