IS Co., LLC v Olsen (2025 NY Slip Op 00483)

IS Co., LLC v Olsen

2025 NY Slip Op 00483

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 651272/23 Appeal No. 3597-3598 Case Nos. 2024-00870, 2024-00962 

[*1]IS Company, LLC, et al., Plaintiffs-Appellants,
v
George L. Olsen et al., Defendants-Respondents. 

Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for appellants.
Weil, Gotshal & Manges LLP, New York (Gregory S. Silbert of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about January 16, 2024, which, insofar as appealed from as limited by the briefs, granted the motion by defendants George L. Olsen, Paul Levinsohn, Empire Gateway LLC, Chambers Holdings LLC, New York City Regional Center, LLC, and Manhattan Chrystie Street Development Fund, LLC (MCSDF) to dismiss the causes of action for abuse of process, tortious interference with prospective economic advantage, and for a declaration of contractual indemnification obligations, unanimously affirmed, with costs. Appeal from so-ordered transcript, same court and Justice, entered on or about January 26, 2024, unanimously dismissed, without costs.
Supreme Court properly dismissed the cause of action for abuse of process. The cause of action was based on allegations that MCSDF improperly served third-party subpoenas in the related actions for no legitimate purpose, but rather were served to obtain the collateral advantage of forcing an early buyout. However, the Justice presiding over this matter presides over the related actions and rejected these allegations, finding that the subpoenas, which plaintiffs did not seek to quash, sought relevant disclosures and served a legitimate litigation purpose to obtain information with respect to its claims (see Dashdevs LLC v Capital Mkts. Placement, Inc., 210 AD3d 525, 526 [1st Dept 2022]; Zeckendorf v Kerry H. Lutz, P.C., 282 AD2d 295 [1st Dept 2001]).
Supreme Court also properly dismissed the cause of action for tortious interference with prospective economic advantage. Because the cause of action for abuse of process was insufficiently pleaded, that tort cannot serve as the factual predicate for the "wrongful means" by which MCSDF allegedly interfered with appellant's prospective economic advantage (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]). Nor does the complaint include any other allegations sufficient to form a predicate tort for this cause of action (see Gans v Wilbee Corp., 199 AD3d 564, 565 [1st Dept 2021]; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79 [1st Dept 2013], lv denied 21 NY3d 863 [2013]).
Finally, based on controlling Delaware Supreme Court law, the contractual indemnification claim as asserted in the complaint is not ripe for adjudication, as the underlying claim relating to the indemnification obligation has not been finally decided (see LaPoint v AmerisourceBergen Corp., 970 A2d 185, 198 [Del 2009]; Scharf v Edgcomb Corp., 864 A2d 909, 919 [Del 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025